IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL MCGUIRE, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ELERAS GROUP, LLC, ) ) Defendant. ) | Case No. 4:23-cv-00658-SEP |

**JOINT MOTION TO APPROVE SETTLEMENT**

COME NOW Plaintiff Paul McGuire ("Plaintiff") and Defendant Eleras Group, LLC ("Eleras Group") (Plaintiff and Eleras Group together, the "Parties"), by and through their respective undersigned counsel, and jointly move for an order approving the Parties' settlement in this case. In support of this joint motion, the Parties respectfully state as follows:

1. On May 17, 2023, Mr. McGuire filed his Complaint. Dkt. [1]. In his Complaint, Plaintiff alleges two causes of action: (i) a violation of the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* (the "FLSA"); and (ii) a violation of the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, et seq. (the "MMWL").

2. As explained previously in connection with requested extensions regarding Eleras Group's responsive pleading deadline, the Parties, through their respective counsel, voluntarily exchanged information early on in furtherance of a potential resolution. *See* Dkts. [14], [19].

3. As previewed in Eleras Group's Third Consent Motion for Extension and Notice of Settlement, this voluntary exchange of information ultimately enabled the Parties to reach a settlement. *See* Dkt. [19]. Since this filing, the Parties have prepared and executed a formal, full-length settlement agreement.

4. Normally, the Parties would contemplate—for example, as a term of their settlement agreement—that Plaintiff would file either a notice of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(i), or a stipulation of dismissal signed by both Parties pursuant to Federal Rule of Civil Procedure 41(a)(ii).

5. Some courts, however, require either court approval or supervision by the United States Department of Labor of FLSA settlements.

6. The Eighth Circuit Court of Appeals has recognized the circuit split over whether and in what particular circumstances court approval of an FLSA settlement is required, but has "never taken a side on this issue." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) (noting also that the court "ha[s] never had occasion to interpret whether 29 U.S.C. § 216 requires judicial approval of all FLSA settlements"); *see also Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018) ("[W]e recognize an apparent circuit split as to whether private settlements relating to FLSA claims require district court review.")

7. This Court has recognized this uncertainty. *See Tanner v. Empire Fin., Co. LLC*, No. 4:19-CV-0825-SEP, 2020 WL 7316115, at *1 (E.D. Mo. Dec. 11, 2020) ("The law is unsettled as to whether the judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class." (internal alteration and citation omitted)); *see also Wilson v. Preferred Fam. Healthcare, Inc.*, No. 2:22-CV-15 RLW, 2023 WL 3338759, at *2 (E.D. Mo. May 10, 2023); *Oliver v. Centene Corp.*, No. 4:21-CV-199 RLW, 2023 WL 3072651, at *1 (E.D. Mo. Apr. 25, 2023); *Salone v. Cushman & Wakefield U.S., Inc.*, No. 4:21 CV 1151 RWS, 2023 WL 1861055, at *1 (E.D. Mo. Feb. 9, 2023); *Van Winkle v. Mick Keane's Express Delivery Serv., Inc.*, No. 4:21-CV-1213-NCC, 2022 WL 1122721, at *1 (E.D. Mo. Apr. 14, 2022); *Johnson v. Himagine Sols., Inc.*, No. 4:20-CV-00574-SPM, 2021 WL 2634669, at *2 n.2 (E.D. Mo. June 25, 2021); *Del Toro*

*v. Centene Mgmt. Co., LLC*, No. 4:19-CV-02635-JAR, 2021 WL 1784368, at *1 (E.D. Mo. May 5, 2021).

8. As a matter of pragmatism, and to avoid the Parties being "le[ft] . . . in an uncertain position," *see Tanner*, 2020 WL 7316115, at *1, the Parties respectfully request that the Court approve their settlement.

9. The Court's review of the Parties' settlement is "limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." *Id.* (citation omitted).

10. The Court "may only approve a settlement agreement in a case brought under § 216(b) of the FLSA after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Id.* "A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under FLSA."

11. Here, the litigation involves bona fide dispute regarding the number of hours Plaintiff worked, Plaintiff's rate of compensation, and whether Plaintiff was subject to any exemption from the overtime requirements of the FLSA. *See, e.g.*, Dkt. [1], ¶¶ 1, 25-26; Settlement Agreement, Ex. A hereto, at Second and Sixth "Whereas" Clauses, p. 1.

12. Further, "[i]n determining whether a settlement is fair and reasonable under FLSA, factors a court may consider include the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any overreaching by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case." *Tanner*, 2020 WL 7316115, at *1 (internal quotations and citations omitted). "This approach focuses on the

fairness of the process used by the parties in reaching a settlement and ensures the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights." *Id.* (internal quotations and citations omitted). "In reaching a determination, courts should be mindful of the strong presumption in favor of finding a settlement fair." *Id.* (internal quotations and citations omitted).

13. Here, the Parties' settlement agreement easily meets this standard. Pursuant to the Parties' settlement agreement, Plaintiff will receive *more* than all of the relief he could have obtained in this matter, *i.e.*, the wages for overtime he alleges he was entitled to receive and liquidated damages. *See* Settlement Agreement, Ex. A, at § 4. In addition, the settlement agreement provides, separately, for the payment by Defendant of an amount to satisfy Plaintiffs' attorneys' fees and costs.[1] *See id*. The Parties' settlement is an individual-only settlement, *i.e.*, there are no other individuals who will be bound by the settlement. *See id.*, *passim*. The settlement was reached only after the voluntary exchange of a significant amount of information regarding the number of hours Plaintiff alleges he worked, and Eleras Group's records regarding the same, and Plaintiff's rate of compensation, and Eleras Group's records regarding the same. *See id.*, at Fifth "Whereas" Clause, p. 1. The Parties have been represented by their respective, experienced counsel throughout, and the settlement was achieved through arms-length negotiations. *See id.*, at Seventh "Whereas" Clause, p. 1.

---

[1] It is less clear to what extent Court approval is necessary regarding settlement as it relates to Plaintiff's attorneys' fees and costs. *See Barbee*, 927 F.3d at 1027 and n.1. Regardless, because the settlement provides for payment to Plaintiff in excess of all amounts he potentially could be entitled to recover in this action, and separately provides for the payment of Plaintiffs' attorneys' fees and costs, approval of the Parties' settlement (to the extent necessary) is appropriate.

14.    For all these reasons, the Parties respectfully request that the Court grant their instant joint motion and thereby approve their settlement.

WHEREFORE, Plaintiff Paul McGuire and Defendant Eleras Group, LLC respectfully request that the Court grant their instant joint motion, approve their settlement, and grant such other and further relief as the Court deems just and appropriate.

                                                                                      Respectfully submitted,

Dated: September 13, 2023           By:    /s/ Brian P. Pezza
                                                                                 Brian P. Pezza, 60590 (MO)
                                                                                 Michael L. Jente, 62980 (MO)
                                                                                 Evan P. Jefferson, 73774 (MO)
                                                                                 LEWIS RICE LLC
                                                                                 600 Washington Avenue, Suite 2500
                                                                                 St. Louis, MO 63101
                                                                                 (314) 444-7656 (telephone)
                                                                                 (314) 612-7656 (facsimile)
                                                                                 bpezza@lewisrice.com

                                                                                 *Attorneys for Defendant Eleras Group, LLC*

                                                         and

Dated: September 13, 2023           By:    /s/ George A. Hanson (w/consent)
                                                                                 George A. Hanson, 43450 (MO)
                                                                                 Caleb Wagner, #68458 (MO)
                                                                                 STUEVE SIEGEL HANSON, LLP
                                                                                 460 Nichols Road, Suite 200
                                                                                 Kansas City, MO 64112
                                                                                 Telephone: (816) 714-7115
                                                                                 Facsimile: (816) 714-7101
                                                                                 hanson@stuevesiegel.com

                                                                                 Philip Bohrer
                                                                                 Scott E. Brady
                                                                                 BOHRER BRADY, LLC
                                                                                 8712 Jefferson Highway, Suite B
                                                                                 Baton Rouge, Louisiana, 70809
                                                                                 Telephone: (225) 925-5297
                                                                                 Facsimile: (225-231-7000
                                                                                 phil@bohrerbrady.com
                                                                                 scott@bohrerbrady.com

                                                                                 *Attorneys for Plaintiff Paul McGuire*