# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PAUL MCGUIRE, individually and on behalf of all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) ELERAS GROUP, LLC, ) ) Defendant. ) | Case No. 4:23-cv-00658-SEP |

## MEMORANDUM AND ORDER

Before the Court is the parties' joint motion for leave to file under seal. Doc. [21]. For the reasons set forth below, the motion is denied.

### FACTS AND BACKGROUND

On September 13, 2023, the parties filed a joint motion for leave to file under seal, Doc. [21], asking the Court to seal an unredacted copy of their settlement agreement, Doc. [22]. The parties argue that courts "have routinely permitted parties in [Fair Labor Standards Act] cases to file under seal settlement agreements containing the terms upon which their agreement is based" to "preserve the confidentiality of the terms agreed upon by the Parties." *Id.* at 2.

### DISCUSSION

The proponent of sealing must file an unsealed motion for sealing that generally describes "the material or information sought to be filed under seal without disclosing the substance of the material sought to be kept confidential"; "the legal grounds for the sealing"; and, if requesting indefinite sealing, "the reasons supporting the request." E.D. Mo. L.R. 13.05(A)(4)(a). The movant also must file under seal a "Memorandum Supporting Sealing" that states "the specific legal and factual reasons justifying the sealing." *Id.* at 13.05(A)(4)(b)(i).

The parties' brief supporting the sealing motion cites two Eastern District of Missouri cases in which the Court permitted the parties to file an FLSA settlement agreement under seal. *See Ezell v. Acosta, Inc.*, 2019 WL 8160704, at *4 (E.D. Mo. Apr. 4, 2019); *Jones v. Synergies3 Tec Servs., LLC*, 2018 WL 6727061, at *3 (E.D. Mo. Dec. 21, 2018). Those cases predate the June 1, 2021, change to Eastern District of Missouri Local Rule 13.05, which emphasized "the right of the public to access material filed with the Court." E.D. Mo. L.R. 13.05(A)(2).

Considered under the new Local Rule, the parties' motion for sealing suffers from the same two defects that the Court identified in *Mason v. D&D Pizza*, 2022 WL 1471343 (E.D. Mo. May 10, 2022) (Limbaugh, J.).

Local Rule 13.05 requires parties to file the subject documents with "only the specific information sought to be sealed redacted from the document." E.D. Mo. L.R. 13.05(A)(4)(c)(i). The "parties' redaction of the Settlement Documents appears improper" because they "filed the Settlement Documents with every single page of the document redacted." *Mason*, 2022 WL 1471343, at *1. The parties' brief in support of sealing does not provide a justification for sealing the entire agreement. *See* Doc. [22]. The parties also "have not adequately explained why the settlement amount and distribution should be kept confidential." *Mason*, 2022 WL 1471343, at *2. They argue that sealing would "preserve the confidentiality of the terms agreed upon by the Parties." Doc. [22] at 2. But it is "unpersuasive that the parties' contractual decisions outweigh the public's interest in open records—particularly here, where the facts pertain to a dispute about labor/wage practices." *Mason*, 2022 WL 1471343, at *2.

The Court decides motions for leave to file under seal "in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). The parties' reliance on outdated cases and their vague justification does not provide "specific legal and factual reasons justifying the sealing." E.D. Mo. L.R. 13.05(A)(4)(b)(i).

Accordingly,

**IT IS HEREBY ORDERED** that the parties' joint motion for leave to file under seal, Doc. [21], is **DENIED** without prejudice for failure to comply with Eastern District of Missouri Local Rule 13.05.

**IT IS FURTHER ORDERED** that this Order is stayed for fourteen (14) days to allow for appeal of the denial of Doc. [21] or filing of a meritorious motion for leave to file under seal in conformity with Local Rule 13.05. *See* E.D. Mo. L.R. 13.05(A)(4)(g). Barring one of the foregoing, the Clerk is ordered to unseal Doc. [22], effective October 25, 2023.

Dated this 11th day of October, 2023.

                                                SARAH E. PITLYK
                                              UNITED STATES DISTRICT JUDGE