**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| PAUL MCGUIRE, individually and on behalf of all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) ELERAS GROUP, LLC, ) ) Defendant. ) | Case No. 4:23-cv-00658-SEP |

## MEMORANDUM AND ORDER

Before the Court are the parties' Joint Motion to Approve Settlement, Doc. [23], and Renewed Joint Motion for Leave to File Un-Redacted Settlement Agreement Under Seal, Doc. [25]. For the reasons set forth below, the motions are granted.

### FACTS AND BACKGROUND

Plaintiff Paul McGuire brought this putative collective and class action against his former employer, Eleras Group, LLC, for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-19, and Missouri Minimum Wage Law, Mo. Rev. Stat. §§ 290.500-.530. Plaintiff worked for Defendant as a sales representative selling extended car warranties by phone. Doc. [1] at 2. Plaintiff claims that Defendant permitted Plaintiff and other sales representatives to work more than 40 hours a week without paying them at the required overtime rate. *Id.* Plaintiff sued in his individual capacity and on behalf of "all current or former Sales Representatives who were employed by Defendant in the State of Missouri who were not paid overtime at 1.5 times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek." *Id.* at 1. The parties reached a settlement and now move for approval of the settlement and leave to file an unredacted version of the Settlement Agreement under seal.

### DISCUSSION

**I.     Motion to for Leave to File Un-Redacted Settlement Agreement under Seal**

There is a "common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). When evaluating motions to seal, the "court must first decide if the documents in question are 'judicial records,' and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access." *Flynt v.*

1

*Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (quoting *IDT Corp.*, 709 F.3d at 1222-23). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

The parties provide compelling reasons that warrant sealing. Based on the parties' representations, the Settlement Agreement would not have been achieved if the parties had believed that the terms would become public. Doc. [26] at 2 ( "The confidential nature of the financial terms of the Settlement Agreement is a material part of the bargain between the parties."). "The public has an interest in encouraging settlements, which require fewer public resources than litigation." *Long v. Gyrus ACMI, Inc.*, 2021 WL 1985054, at *2 (E.D. Mo. May 18, 2021). In this case, that interest outweighs the public's interest in the redacted information. Most of the Settlement Agreement will be available to the public. Only the settlement amount and distribution are redacted. Doc. [25-1]. The settlement amount is an important term of the agreement, but the Court's reasons for approving the settlement are found chiefly in the Complaint, Doc. [1], Joint Motion for Settlement Approval, Doc. [23], and the unredacted terms of the Settlement Agreement, Doc. [25-1]. The publicly filed version of the Settlement Agreement discloses important terms, for example, "The Parties agree that [Plaintiff's] portion of the Settlement Payment reflects an amount greater than that to which he would otherwise be entitled if he were to prevail on his claims in the Lawsuit." Doc. [25-1] ¶ 4. And the Complaint includes important information about the length of time Plaintiff worked for Defendant and his wage rate. Doc. [1] ¶¶ 2, 16. Those documents give the public enough information to monitor the Court's work and understand why it approved the Settlement Agreement.

The parties also request that the "seal designation remain indefinitely" because the reasons for sealing the document will exist after the case is dismissed. Doc. [26] at 2. The Court agrees that public disclosure of the settlement terms at any time in the future would undermine the parties' bargained-for confidentiality. Therefore, the Settlement Agreement will remain sealed indefinitely.

## II.     Motion to Approve Settlement[1]

"A district court may only approve a settlement agreement in a case brought under § 216(b) of the FLSA after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Pendergrass v. Bi-State Utils. Co.*, 2019 WL 3532005, at *1 (E.D. Mo. Aug. 2, 2019) (citing *Williams v. BPV Mkt. Place Invs., L.L.C.*, 2014 WL 5017934, at *1 (E.D. Mo. Oct. 7, 2014)). "A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under FLSA." *King v. Raineri Constr., LLC*, 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946). To determine that a settlement is fair and equitable, the Court considers:

> the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any "overreaching" by the employer in the settlement negotiations, and whether the settlement was the product of arms length negotiations between represented parties based on the merits of the case.

*Tanner v. Empire Fin., Co. LLC*, 2020 WL 7316115, at *1 (E.D. Mo. Dec. 11, 2020) (quoting *King*, 2015 WL 631253, at *2). "In reaching a determination, courts 'should be mindful of the strong presumption in favor of finding a settlement fair.'" *Id.* (quoting *Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)).

Although the settlement was achieved early in litigation, there is sufficient evidence that it resolves a bona fide dispute. The parties did not engage in formal discovery, but the Settlement Agreement represents that "the parties have engaged in the voluntary exchange of a significant amount of information regarding the number of hours [Plaintiff] alleges he worked." Doc. [25-1] at 1. The Court granted Defendant three extensions so Defendant could investigate the allegations in the Complaint and discuss settlement options. Docs. [11], [17], [19]. Defendant "denies the material allegation of the Complaint," and the parties reached a settlement because of the parties' "wish to avoid expense, distribution, and uncertainty of continued

---

[1] "[T]he law is unsettled as to whether the judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class." *Boland v. Baue Funeral Home Co.*, 2015 WL 7300507, at *1 (E.D. Mo. Nov. 18, 2015) (citing *King v. Raineri Constr., LLC*, 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015). "Courts in this district typically review an FLSA settlement agreement for fairness to ensure the parties are not left in an uncertain position." *Wilson v. Preferred Fam. Healthcare, Inc.*, 2023 WL 3338759, at *2 (E.D. Mo. May 10, 2023) (internal quotation marks omitted) (quoting *Del Toro v. Centene Mgmt. Co.*, 2021 WL 1784368, at *1 (E.D. Mo. May 5, 2021)).

3

litigation." Doc. [25-1] at 1.  That is enough to establish that the litigation involves a bona fide dispute.

The proposed settlement is also reasonable and fair to the parties.  The Settlement Agreement states that Plaintiff's portion of the settlement payment is "greater than that to which the [Plaintiff] would otherwise be entitled if he were to prevail on his claims." Doc. [25-1] ¶ 4. Taking Plaintiff's claims about the length of time he worked for Defendant and his hourly rate as true, Doc. [1] ¶¶ 2, 16, that claim is reasonable.  There is no evidence of overreaching on the part of the Defendant, and both parties have been represented by experienced counsel throughout the litigation.

The Court's review of the Settlement Agreement is limited to the material terms of the proposed settlement as they relate to Plaintiff's FLSA claims.  *See Tanner*, 2020 WL 7316115, at *2.  The "authority for judicial approval of FLSA settlements in 29 U.S.C. § 216 does not extend to review of settled attorney fees." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019).  "The statute speaks of allowing fees 'in addition to any judgment awarded,' treating the merits of an FLSA claim and the attorney fees as distinct.  As a result, any court judgment on the settled merits would necessarily be separate from any court review of the settled attorney fees." *Id.* (citation omitted).  The Court's role is limited to ensuring that "the attorney fees were in fact negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client." *Id.* at 1027 n.1.  That is true here. The "settlement provides for payment to Plaintiff in excess of all amounts he potentially could be entitled to recover in this action, and separately provides for the payment of Plaintiffs' attorneys' fees and costs." Doc. [23] at 4 n.1.  "No opinion is necessary as to the enforceability of [other] terms and none is given." *King*, 2015 WL 631253, at *4 (alternation in original) (quoting *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 134 (D.D.C. 2014)).

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion to Approve Settlement, Doc. [23], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Joint Motion for Leave to File Un-redacted Settlement Agreement Under Seal, Doc. [25], is **GRANTED**.  The un-redacted Settlement Agreement will remain sealed indefinitely.

4

**IT IS FINALLY ORDERED** that the parties shall file appropriate dismissal papers in this action no later than **December 27, 2023**.

Dated this 27th day of November, 2023.

                                            _____
                                            SARAH E. PITLYK
                                            UNITED STATES DISTRICT JUDGE